IN THE UNITED DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **RODNEY BLAND and** <br> **JOHN BULLOCK** <br><br> **Plaintiffs,** <br><br> vs. <br><br><br><br> **STERIS CORPORATION** <br><br> **Defendant.** <br><br> **SERVE:**   C.T. Corporation System <br> 306 W. Main Street <br> Suite 512 <br> Frankfort, KY  40601 | ) CASE NO. 3-13-cv-320-H <br> ) <br> ) **COMPLAINT** <br> ) <br> ) **COLLECTIVE ACTION** <br> ) <br> ) **CLASS ACTION** <br> ) <br> ) **JURY DEMAND** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

NOW COME the Plaintiffs, Rodney Bland and John Bullock, on behalf of themselves and all others similarly situated, by and through undersigned counsel, and state the following as their Complaint against Steris Corporation, as follows:

### I.  NATURE OF THE ACTION

1.  Plaintiffs bring this action against the Defendant for legal relief to redress unlawful violations of the Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the collective action provision of the FLSA found at § 216(b), to remedy violations of the wage provisions of the FLSA by Defendant, including the failure to pay overtime compensation.  Plaintiffs additionally file this action pursuant to the Kentucky Wages and Hours Act, KRS 337.010, *et seq.*, and seek certification of a class action pursuant to the Kentucky Wages and Hours Act ("KWHA").  These violations have deprived the Plaintiffs, as well as others similarly situated to the Plaintiffs, of their lawful wages.

2. Other current and former employees of Defendant are also entitled to receive their proper hourly unpaid wage and/or overtime compensation for the reasons alleged in this Complaint. The Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated," 29 U.S.C. § 216(b), and for a class of employees denied proper wages under KRS 337.010, *et seq*.

3. The Plaintiffs join their individual claims pursuant to Rule 20(a) of the Federal Rules of Civil Procedure. The Plaintiffs assert rights to relief arising from a series of events which comprise, for purposes of Rule 20(a), a series of transactions or occurrences with common issues of law and fact.

4. This action is brought to recover unpaid hourly and overtime compensation owed to the Plaintiffs and all current and former employees of Defendant who are similarly situated to the Plaintiffs, pursuant to the FLSA and the Kentucky Wages and Hours Act. The Plaintiffs worked for the Defendant in Kentucky and the surrounding states. Defendant is liable for the damages and other relief owed to the plaintiffs and the collective and class action members.

## II. **PARTIES**

5. Plaintiff Rodney Bland resides in LaGrange, Kentucky. Mr. Bland worked for Steris and its predecessor for approximately twenty-nine years, from approximately 1982 to July 17, 2011. He worked as a Service Specialist.

6. Plaintiff John Bullock resides in Princeton, Indiana. From 1988 until approximately February, 2010, Mr. Bullock was employed by Steris as a senior Response Technician.

7. Defendant Steris Corporation ("Steris") is a corporation conducting business in the State of Kentucky . Steris is an international infection prevention, decontamination, and surgical and critical care company. As part of its U.S. operations, Steris employees thousands of

"Response Technicians" and "Service Specialists" who service and repair its medical and decontamination equipment in hospitals and surgery centers throughout the country. Its principal place of business is in Mentor, Ohio, and it engages in interstate commerce.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§ 1331 (federal question jurisdiction); and Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiffs' Kentucky Wages and Hours Act claims is invoked pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### IV. VIOLATIONS OF THE FLSA AND KENTUCKY WAGES AND HOURS ACT

10. This action is brought to recover unpaid compensation, in the form of unpaid wages and overtime, owed to the Plaintiffs, and all similarly situated Service Specialists and Response Technicians employed by Defendant, pursuant to the FLSA and KWHA. For at least five years prior to the filing of this complaint, Defendant has had a uniform policy and practice of consistently requiring all Service Specialists and Response Technicians to work over 40 hours a week without paying them for every hour worked and without all overtime compensation due to them.

11. Plaintiffs and all other similarly situated Service Specialists and Response Technicians employed by Defendant were paid an hourly wage of approximately $27 to $30 per hour. Service Specialists and Response Technicians were and are classified by Steris as hourly employees and received and receive overtime wages for some of the hours over forty they worked in a given week.

12. Plaintiffs and, on information and belief, all similarly situated Service Specialists and Response Technicians, were required, as integral and indispensable functions of their

Case 3:13-cv-00320-JGH Document 1 Filed 03/15/13 Page 4 of 12 PageID #: 4
Case 3:13-mc-99999 Document 346 Filed 03/15/13 Page 4 of 12 PageID #: 10308

positions, to travel from their homes to various hospitals and surgery centers within their service area to service and repair sterilization equipment. At the end of the day, they would return home or to a motel.

13. The distance to these destinations varied, and regardless of the time it took to travel to the destination, Plaintiffs were instructed not to include as hours worked the first thirty minutes and the last thirty minutes of their travel time. They were not paid for this daily hour of travel time.

14. Before and after their travels to the various destinations to perform the servicing and repairing of the sterilization equipment, Plaintiffs and, on information and belief, all similarly situated Service Specialists and Response Technicians, were required, as functions of their positions, to complete considerable amounts of paperwork. The paperwork documented the work done on any given day, and was an integral and indispensable part of their job function. Completion of this paperwork required Plaintiffs to work an additional 1.5 to three hours a day. This time was not paid.

15. Plaintiffs received explicit instructions from their superiors not to bill the company for this time spent on paperwork.

16. Plaintiffs' duty, as well as the duty of all other similarly situated Service Specialists and Response Technicians, was to service and repair sterilization equipment. Steris assigned Plaintiffs the equipment they were to repair on any given day.

17. In performing their work as Safety Techs, Plaintiffs performed non-managerial duties. On information and belief, all Safety Techs employed by Defendant had these same duties and responsibilities.

18. Plaintiffs and, on information and belief, all similarly situated Service Specialists and Response Technicians, did not have any employees of their own and did not have the

authority to hire, fire, promote, determine starting pay for, give pay raises to, discipline or train employees of Defendant. Nor did they make any effective recommendations regarding these actions. They also did not determine budgets, delegate work assignments, or adopt policies on behalf of the Defendant, or effectively recommend any such actions.

19. Plaintiffs and, on information and belief, all similarly situated Service Specialists and Response Technicians, performed the same duties and responsibilities, have been treated identically by Defendant, and are similarly situated for purposes of their job duties.

20. Plaintiffs and, on information and belief, all other similarly situated Service Specialists and Response Technicians, did not customarily or regularly supervise two or more employees for 80 hours a week.

21. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

22. Defendant is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce. Defendant's annual gross volume of business exceeds $500,000.00.

23. At all times relevant to this action, Defendant was the "employer" of Plaintiffs as defined by the FLSA and KWHA.

24. At all times material to this action, Plaintiffs, and all others similarly situated Service Specialists and Response Technicians, were "employees" of Defendant as defined by the FLSA and KWHA. They also worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

25. The provisions set forth in §207 of the FLSA apply to Defendant, and the Plaintiffs and all similarly situated Service Specialists and Response Technicians were covered by §207 of the FLSA during their employment with Defendant.

26. The Plaintiffs and all similarly situated Service Specialists and Response Technicians employed by Defendant were individually engaged in interstate commerce while working for Defendant. Their interstate commercial activity included, but was not limited to, driving across state lines to service and repair sterilization equipment in hospitals and surgery centers in numerous states.

27. On information and belief, Defendant has intentionally failed and/or refused to pay Plaintiffs and all other similarly situated Service Specialists and Response Technicians according to the provisions of the FLSA and KWHA.

28. Defendant' systems and practices relating to their non-payment of earned wages to Plaintiffs and all similarly situated Service Specialists and Response Technicians, which deprive the Defendant of any FLSA or KWHA overtime exemptions, have existed since at least five years prior to the filing of this action.

29. On information and belief, Defendant has been aware of the requirements of the FLSA and KWHA and their corresponding regulations and its own violations of the FLSA and KWHA since at least five years prior to the filing of this action. Despite this knowledge, Defendant has failed to pay the Plaintiffs and similarly situated Service Specialists and Response Technicians the amount of pay required by the FLSA and KWHA.

30. On information and belief, Defendant have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and all similarly situated Safety Techs in accordance with the FLSA and KWHA.

31. Plaintiffs and all similarly situated Service Specialists and Response Technicians who elect to participate in this action, seek unpaid wages and overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b) and KRS 337.010 *et seq.*

## V. CLASS ALLEGATIONS

32. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 31 above.

33. The Plaintiffs brings this action on their own behalf and on behalf of a class and collective action of persons similarly situated, defined as follows:

> All present and former Service Specialists and Response Technicians of Steris Corporation who were not compensated for all time worked.

34. There are potentially numerous other similarly-situated current and former service Specialists and Response Technicians of the Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and given the opportunity to join the present lawsuit pursuant to 29 U.S.C. § 216(b).

35. In addition, Plaintiffs bring the Kentucky Wages and Hours Act claims, KRS 337.010, *et seq.*, on behalf of themselves and the class of persons described above pursuant to Rule 23, Federal Rules of Civil Procedure.

36. The members of the Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Plaintiffs do not know the exact number of class members, but are informed and believe that thousands of Service Specialists and Response Technicians have been denied compensation for time worked. Plaintiffs are informed and believe that the identities of the class members may be ascertained from the files and records of the Defendant and other information sources.

37. There are common questions of law and fact affecting class members, including but not limited to whether the Service Specialists and Response Technicians were improperly denied compensation for time worked pursuant to a policy or practice of Steris Corporation. The

requirements of Rule 23(a)(2) are met.

38. The claims of the representative plaintiffs are typical of the claims of the class as a whole. The Plaintiffs are members of the class and have suffered harm due to the failure of the Defendant to pay them compensation for time worked. The requirements of Rule 23(a)(3) are met.

39. The Plaintiffs will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4). The interests of the Plaintiffs are consistent with and not antagonistic to the interests of the class. The Plaintiffs have retained counsel experienced in prosecuting class actions and complex litigation.

40. The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede the interest of the other members of the class to protect their interests. Certification under Rule 23(b)(1) is appropriate.

41. Plaintiffs are informed and believe that the Defendant have acted on grounds generally applicable to the class thereby making final injunctive relief or declaratory relief appropriate with respect to the class as a whole. Certification under Rule 23(b)(2) is appropriate.

42. This class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Plaintiffs are informed and believe that the interests of members of the class in individually prosecuting a separate action is low, in that most class members would be unable to individually prosecute an action. Plaintiffs are informed and believe that the amounts at stake for individuals are sufficiently small for most or all class members such that separate suits would be impracticable, and most members of the class would not be able to find counsel to represent them. Plaintiffs are informed and believe that it is

Case 3:13-cv-00320-JGH   Document 1   Filed 03/15/13   Page 9 of 12 PageID #: 9
Case 3:13-mc-99999   Document 346   Filed 03/15/13   Page 9 of 12 PageID #: 10313

desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum rather than multiple courts. Certification under Fed. R. Civ. P. 23(b)(3) is appropriate.

43. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims that might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

44. Plaintiffs are informed and believe that the files and records of the Defendant contain in computer readable format, a last known address, other identifying information for class members, and information necessary and convenient to identify class members, determine their economic damages, and prosecute this case expeditiously as a class action.

## VI. CAUSES OF ACTION
## COUNT I

45. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 44 above.

46. By the actions alleged herein, Defendant have willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations with respect to the Plaintiffs and other similarly-situated Service Specialists and Response Technicians who are or were employed by the Defendant.

47. Defendant have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly compensate the Plaintiffs and other present and former, similarly situated employees in accordance with §§ 206 and 207 of the FLSA.

48. As a result of the Defendant' violations of the FLSA, the Plaintiffs, as well as all

others similarly situated, have suffered damages by failing to receive wages for hours worked and overtime wages in accordance with §§ 206 and 207 of the FLSA.

49. Defendant has not made good faith efforts to comply with the FLSA with respect to its compensation of the Plaintiffs and other similarly-situated employees.

50. As a result of the unlawful acts of Defendant, the Plaintiffs and all similarly-situated employees have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## **COUNT II**

51. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 50 above.

52. By its actions alleged herein, Defendant have willfully, knowingly, and/or recklessly violated the provisions of the Kentucky Wages and Hours Act, KRS 337.010 *et seq.*, and corresponding state regulations with respect to the Plaintiffs and other similarly-situated Service Specialists and Response Technicians who are or were employed by the Defendant.

53. Defendant have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the Kentucky Wages and Hours Act, as detailed herein, by failing to properly compensate the Plaintiffs and other present and former, similarly situated employees in accordance with KRS 337.285.

54. As a result of Defendant' violations of the Kentucky Wages and Hours Act, the Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive wages for hours worked in accordance with KRS 337.272 and KRS 337.285.

55. Defendant has not made good faith efforts to comply with the Kentucky Wages and Hours Act with respect to its compensation of the Plaintiffs and other similarly-situated

employees.

56. As a result of the unlawful acts of Defendant, the Plaintiffs and all similarly-situated employees have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

### VII.  PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly-situated employees, pursuant to § 216(b) of the FLSA, and the Kentucky Wages and Hours Act, pray for the following relief:

a. That pursuant to 29 U.S.C. § 216(b), at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed as a Service Specialist or and Response Technician by the Defendant. Such notice shall inform them that this action has been filed and of their right to opt into this lawsuit if they were not paid compensation for time worked and/or overtime compensation for time worked in excess of forty hours per week;

b. Certification of a class pursuant to Rule 23 as defined above;

c. That Plaintiffs and the class and collective action members be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest, for which the Defendant are jointly and severally liable;

d. Reasonable attorneys' fees;

e. The costs and expenses of this action; and

f. Such other, further legal and equitable relief, including but not limited to, any

injunctive and/or declaratory relief, to which they may be entitled.

**JURY DEMAND**

Plaintiffs request a trial by jury on all claims set forth above.

Respectfully submitted,

/s/ Garry R. Adams
Garry R. Adams
Clay Frederick Adams, PLC
101 Meidinger Tower
462 South Fourth Avenue
Louisville, Kentucky 40202
(502) 561-2005
garry@justiceky.com
***COUNSEL FOR PLAINTIFFS***